The Disciplinary Review Board having filed with the Court its decision in DRB 18-037, recommending on the record certified to **332 the Board pursuant to Rule 1:20-4(f) (default by respondent) that Christie-Lynn Nicholson, formerly of Paulsboro, who was admitted to the bar of this State in 2000, and who has been temporarily suspended from the practice of law since May 3, 2017, be disbarred, the Disciplinary *128 Review Board finding that respondent violated the principles of In re Siegel, 133 N.J. 162, 627 A.2d 156 (1993) (knowing misappropriation of law firm funds); RPC 1.1(a) (gross neglect); RPC 1.1(b) (pattern of neglect); RPC 1.3 (lack of diligence); RPC 1.4 (b) (failure to communicate with client); RPC 1.4(c) (failure to explain a matter to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); RPC 1.5(a) (unreasonable fee); RPC 1.5(b) (failure to set forth in writing the basis or rate of a fee); RPC 1.8 (a) (impermissible business transaction with a client); RPC 1.15(d)(recordkeeping) ; RPC 3.4(g) (presenting, participating in presenting, or threatening to present criminal charges to obtain an improper advantage in a civil matter); RPC 8.1(b) (failure to cooperate with disciplinary authorities); RPC 8.4(b) (commission of criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; RPC 8.4(d) (conduct prejudicial to the administration of justice);
And Christie-Lynn Nicholson having failed to appear on the Order directing her to show cause why she should not be disbarred or otherwise disciplined, and good cause appearing;
It is ORDERED that Christie-Lynn Nicholson be disbarred, effective immediately, and that her name be stricken from the roll of attorneys;
ORDERED that Christie-Lynn Nicholson be and hereby is permanently restrained and enjoined from practicing law; and it is further
ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by Christie-Lynn Nicholson pursuant to Rule 1:21-6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial **333 institution to the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further
ORDERED that Christie-Lynn Nicholson comply with Rule 1:20-20 dealing with disbarred attorneys; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.